THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
AGRIPINO PEDROSA, Defendant and Appellant.

No. 10347. Argued February 3, 1944.—Decided March 6, 1944.

*Federico E. Virella* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The appellant was convicted in the district court of a violation of §138 of the Penal Code. That Section makes it a crime for a public officer to assault a person "under color of authority, without lawful necessity" therefor.

█ The appellant contends that the lower court erred in appraising the evidence. The testimony for the government was that the defendant came to the outside of the house of Josefina Segarra where her son, Mario Pérez, was standing and conversing with another person; that the defendant asked Pérez if he was Mario Pérez; that when the latter replied in the affirmative, the defendant grabbed him and began hitting him with his club; that when he shouted to his mother that he was being assaulted, she came out of the house to see what was happening; that instead of answering her questions, the defendant also struck her with his club.

The defendant's testimony was that he went to the place in question to arrest Mario Pérez, and was slapped and assaulted; that he had to use his club; and that when Mrs. Segarra tried to intervene in behalf of her son, he accidentally struck her.

The appellant contends that there was no showing by the prosecution that the defendant was a public officer or that he was acting in the discharge of his duty during the episode in question. The appellant therefore asserts that he was guilty at the most of assault and battery.

A complete answer to this contention is found in the defendant's own testimony as to the purpose of his activities at the place in question. Moreover, the testimony of witnesses for the government was sufficient to justify conviction, as they testified that "the defendant was known and regarded as a police officer by the persons who were present at the place of the occurrence". (*People* v. *Suárez*, 25 P. R.R. 198, 200.)

█ The only other substantial question raised by the appellant was that he was deprived of his constitutional right to the assistance of counsel because the district court denied his attorney sufficient opportunity to make an investigation of the case and to prepare a defense.

The facts in this connection are that the case had already been postponed four times at the request of counsel for the appellant; that when the case was called for trial, Attorney Federico E. Virella announced to the court that he was present representing counsel of record to advise the court that the latter could not appear because of the illness of his child and because he ''has a series of cases in the Court of Caguas''. Attorney Virella therefore asked for a postponement until a new setting saying that ''Perhaps if the case had been called earlier, we might possibly have assumed representation of the defendant, but we also have to try a case before the Court of Caguas, at 2 p. m., today, and doubt very much whether . . . ''.

The lower court denied the motion for postponement and the case proceeded to trial with Attorney Virella representing the defendant. He conducted a vigorous defense, and produced various witnesses who testified in favor of the accused. It is also significant to note that Attorney Virella has also represented the defendant in this appeal.

We have indicated on several occasions that there is no rule which can be applied automatically and inflexibly in such cases. Each case depends on its peculiar facts and circumstances. The facts of the instant case leave no doubt in our mind that the defendant was not deprived of his constitutional right to the assistance of counsel (see *Morales* v. *Saldaña*, decided February 9, 1944, *ante* p. 57).

The judgment of the district court will be affirmed.